```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

|                              |   |                     |
|------------------------------|---|---------------------|
| IN THE MATTER OF:            | } |                     |
|                              | } | CIVIL ACTION NO.    |
| WILLIAM ARTHUR ASHCRAFT,     | } | 2:13-cv-00623-WMA   |
| D.M.D.                       | } |                     |

## MEMORANDUM OPINION

Dr. William Arthur Ashcraft ("Dr. Ashcraft") removed the above-entitled matter to this court from the Circuit Court of Jefferson County, Alabama pursuant to 28 U.S.C. § 1441(b). Addiction & Mental Health Services, Inc., d/b/a Bradford Health Services ("Bradford") filed a timely motion for remand, (Doc. 4), asserting that the removal was procedurally defective and that, even if procedurally correct, this court lacks subject-matter jurisdiction. At the court's invitation, the Board of Dental Examiners of Alabama ("Board") filed a brief in support of Bradford's motion. (Doc. 9). Because this matter was improvidently removed, the court will grant Bradford's motion for remand.

### Background

In March 2012, the Board received notice from another state regulatory agency regarding the possible impairment of Dr. Ashcraft, a dental licensee. Dr. Michael Garver ("Dr. Garver"),

the director of the Alabama Dental Wellness Committee ("ADWC"), the said other state regulatory agency, contacted Dr. Ashcraft to discuss the allegations in the notice. Dr. Ashcraft consented to a professional evaluation. Bradford is one of three board-approved treatment facilities for impaired professionals. After his initial evaluation, Dr. Ashcraft entered and completed in-patient rehabilitative treatment at Bradford. At the onset of his evaluation, and for the duration of the treatment period, Dr. Ashcraft authorized Bradford to release information to Dr. Garver regarding his ongoing treatment, diagnosis, and recommendations for aftercare and sobriety maintenance. This release was in effect from its execution on April 9, 2012 until March 27, 2013, when Dr. Ashcraft revoked the authorization. Prior to this revocation, Dr. Garver, as director of the ADPW, maintained contact with the medical professionals at Bradford, who provided Dr. Garver with copies of Dr. Ashcraft's written diagnosis and treatment reports. These documents included a narrative of his medical history, an overview of his impairment, and recommendations for aftercare.

    The Board is charged with protecting the health, safety, and welfare of the public by regulating the practice of dentistry in Alabama. *See* ALA. CODE § 34-9-2(a) (1975). The Dental Practices Act sets forth grounds for disciplinary action, one of which is being "a habitual user of intoxicants or drugs rendering [a licensee] unfit for the practice of dentistry or dental hygiene."

*Id.* at § 34-9-18(4).  After Dr. Ashcraft underwent an evaluation and impatient treatment at Bradford, the Board, through Dr. Garver and the Board's prosecuting counsel, offered Dr. Ashcraft the opportunity to enter into a consent order and monitoring contract with the Board wherein Dr. Ashcraft could execute an agreement setting forth the parameters for his practice and sobriety maintenance.  Similar to consent orders executed by other licensees who have undergone treatment for impairment, the terms of the consent order and accompanying contract included mandatory counseling, attendance at meetings, random urine screens, regular communication with the ADPW, and other activities and treatment recommended by Bradford.

Dr. Ashcraft refused the offered consent order, whereupon the Board set the matter for hearing on April 5, 2013.  On March 19, 2013, the Board issued a subpoena to Donald R. Cornelius, M.D. ("Dr. Cornelius") of Bradford.  Shortly thereafter, on March 26, 2013, Dr. Ashcraft requested the Administrative Law Judge to issue Bradford subpoenas seeking the testimony of nine named Bradford employees, including Dr. Cornelius, and its Custodian of Records, as well as the production of documents.  The subpoenas were issued.  The subpoenas directed Bradford to produce testimony and treatment records on behalf of Dr. Ashcraft at the April 5, 2013 administrative hearing.  The next day, Dr. Ashcraft rescinded all executed authorizations for release of information regarding his

3

evaluation and treatment at Bradford.  The hearing scheduled for April 5, 2013, was not held.

On April 2, 2013, Bradford instituted the underlying state court proceeding by filing a motion in the Circuit Court of Jefferson County, Alabama to quash the subpoena directed to it.  In its motion, Bradford asserts that the testimony and documents sought are privileged based on federal and state law, including federal regulations providing that alcohol and chemical dependency treatment programs are prohibited from disclosing patient records or other patient information without the patient's consent or court order and under state law patient-psychologist privilege and counselor-patient privilege.  *See* 42 U.S.C. §290dd-2; 42 C.F.R. Part 2 (1991); 42 C.F.R. §§ 2.63 and 2.64 (1991).  In addition, Bradford argued that it would be unduly burdensome to require ten employees to appear at the hearing when two of the doctors would be sufficient to authenticate the records and provide any necessary testimony related to the alleged patient's treatment.

The Circuit Court of Jefferson County set the motion to quash for hearing on April 4, 2013, at 3:00 P.M.  On the day of the hearing, Dr. Ashcraft filed his notice of removal pursuant to 28 U.S.C. §§ 1331, 1441, 1446, removing the state court proceeding to this court.  The Board was not notified of Dr. Ashcraft's motion and did not join in the notice of removal.

## Analysis

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This requires that "all defendants must consent to the removal of a case to federal court."  *Russell Corp. v. Amer. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (citations omitted).  As all rules governing removal, "the unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* at 1049 (citing *Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

The notice of removal filed by Dr. Ashcraft does not contain the required statement that the Board either joined the removal or consented to the removal from the state court.  In fact, the Board did not consent to the removal.  Dr. Ashcraft argues that this defect does not warrant remand because the Board is not a true "defendant" and meets the "nominal party exception" to the unanimity requirement.  The "normal party exception" provides that "nominal or formal parties, being neither necessary nor indispensable, are not required to join the petition for removal." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).[1]  A

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the Fifth Circuit prior to

"nominal party" is "a party to an action who has no control over it and no financial interest in its outcome" or "a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment but who is nonetheless joined in the lawsuit to avoid procedural defects."  BLACK'S LAW DICTIONARY (9th ed. 2009).

Despite Dr. Ashcraft's urging to the contrary, the Board has a very significant interest in the issuance of the subject subpoenas.  The Board itself requested the issuance of a subpoena to one of the doctors at Bradford to appear at the hearing.  Furthermore, it is one of the Board's primary functions to investigate and determine whether dental licensees are impaired and whether they can safely practice dentistry.  That is exactly what the Board is attempting to do in this matter.  It is Dr. Ashcraft who has obstructed the Board's ability to carry out its objective by rescinding his authorization for release of information, necessitating Bradford's motion to quash.  The Board is much more than a nominal party.  It is an indispensable party, and was required to join in or consent to the removal of this matter under 20 U.S.C. § 1446(b)(2)(A).  Bradford's motion to remand will be granted.

Even if Dr. Ashcraft had acquired the Board's consent to its removal, remand would still be required because the removed matter

---

October 1, 1981.

6

does not constitute a "civil action." The burden is on the removing party, here Dr. Ashcraft, to establish that the federal court has jurisdiction. *Ala. Power Co. v. Calhoun Power Co., LLC*, No. 12-cv03798, 2012 WL 6755061, at *2 (N.D. Ala. Dec. 28, 2012) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001)). Because federal courts are courts of limited jurisdiction, this places a heavy burden on a removing defendant. *Id.* Removal statutes are construed narrowly. Therefore, doubts about removal are resolved in favor of remand. *Id.* (citing *Am. Tobacco Co.*, 168 F.3d at 411).

Bradford and the Board argue persuasively that the court lacks jurisdiction because the removed matter does not constitute a "civil action" under § 1441(a). Section 1441(a) provides that only a "civil action" may be removed to federal court. In this context, a "civil action" has been interpreted as "a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006) (citing *Bank v. Turnbull & Co.*, 83 U.S. (16 Wall.) 190, 193, 21 L.Ed. 296 (1872)). Put another way, "[a] supplementary [state] court proceeding does not independently qualify as a removable civil action" under 28 U.S.C. § 1441(a)." *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1312 (M.D. Fla. 2011) (quoting *Armistead v. C&M Transport, Inc.*, 49 F.3d 43, 46 (1st Cir. 1995)). Bradford points out that the state court proceeding on its motion

7

to quash is not a "civil action," but merely supplemental to another proceeding currently pending before the Board.

There is no question that the state court proceeding on Bradford's motion to quash is "ancillary, incidental, or auxiliary" to the matter pending before the Board. No party has cited authority distinguishing or making the same a "suit in state court" to "a proceeding before a state regulatory board" in this context. The court has had no better luck. Thus, while it is clear that, to be removable under § 1441, the matter cannot be "ancillary, incidental, or auxiliary to ***a suit in state court***,"[2] it is not clear whether this rule equally applies when the matter being removed is "ancillary, incidental, or auxiliary" to a proceeding before a state regulatory board. As such, Dr. Ashcraft has not met his burden. *See Am. Tobacco Co.*, 168 F.3d at 411 ("Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court").

Bradford and the Board also contend that this matter should be remanded because it is not within the court's original jurisdiction

---

[2] Notably, unlike § 1441, § 1442 has been amended to redefine "civil action" include any proceeding "whether or not ancillary to another proceeding." 28 U.S.C. § 1442 (d)(1). The fact that Congress expressly amended the definition of "civil action" under § 1442 to include subpoena enforcement actions, without also amending § 1441, suggests an intent to allow removal of such supplementary proceedings under § 1442, but not under § 1441. Thus, while Dr. Ashcraft cites two cases finding subpoena enforcement proceedings removable, those cases are inapplicable because they were removed pursuant to 28 U.S.C. § 1442.

as Bradford's motion to quash does not present a substantial question of federal law.  The first principle of removal jurisprudence is that "an action is only removable if it originally might have been brought in federal court."  14B Wright & A. Miller, *Federal Practice & Procedure*, § 3721 at 7 (2009).  Federal question jurisdiction extends to "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is affirmatively and distinctly presented on the face of the plaintiff's complaint.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987).  Stated differently, "there must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, properly analyzed, arises only under state law."  14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722 (4th ed).

   Bradford's motion to quash (or the underlying action before the Board) does not state any cause of action under federal law.  Instead, Bradford cites federal law as one factor that supports his arguments for quashing the subpoenas.  The Eleventh Circuit has clearly held that "[t]he fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal

9

subject matter jurisdiction . . . ."  *Dunlap v. GL Holding Group, Inc.*, 381 F.3d 1285, 1291-92 (11th Cir. 2004) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S. Ct. 2841) (1983)).  As such, the lack of a federal question deprives this court of subject-matter jurisdiction and further necessitates remand.

## Conclusion

For the foregoing reasons, Bradford's motion for remand will be granted.  A separate order will be issued effectuating this opinion.

DONE this 3rd day of June 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE